UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICKY PHELPS,<br><br>        Movant,<br>v.<br><br>SOCIAL SECURITY ADMINISTRATION, OFFICE OF THE INSPECTOR GENERAL,<br><br>        Respondent. | Case No. 08cv2092-L (BLM)<br><br>**ORDER (1) GRANTING RESPONDENT'S APPLICATION TO FILE OPPOSITION TO MOTION TO QUASH AND SUPPORTING DECLARATION *IN CAMERA*, (2) DIRECTING THE CLERK OF COURT TO FILE THE OPPOSITION AND DECLARATION UNDER SEAL, AND (3) DENYING MOVANT'S MOTION TO QUASH**<br><br>[Doc. Nos. 1 & 4] |

Ricky Phelps, who is proceeding *pro se*, seeks to quash a Social Security Administration subpoena directed to Washington Mutual Bank, which requests documents from four of his bank accounts. Doc. No. 1. By order dated March 10, 2009, the district judge ordered Respondent to file a sworn response to Mr. Phelps' motion [Doc. No. 2] and Respondent did so on March 24, 2009 [see Doc. No. 4].

Having considered the arguments presented and all supporting documents submitted, and for the reasons set forth below, Respondent's application [Doc. No. 4] is **GRANTED** and Mr. Phelps' motion to quash [Doc. No. 1] is **DENIED**.

**LEGAL STANDARD**

Under the Right to Financial Privacy Act ("RFPA"), 12 U.S.C. § 3401 *et seq.* (1978), a financial institution may disclose a customer's financial records if such records are properly requested by a governmental authority via an administrative summons or judicial subpoena. 12 U.S.C. § 3402(2) & (4). If the customer objects to the disclosure of his financial records, he must file a motion to quash the summons or subpoena and timely serve the government entity with the motion. 12 U.S.C. § 3410(a); see also S.E.C. v. Jerry T. O'Brien, Inc., 467 U.S. 735, 745 (1984) (noting that "[a] customer's ability to challenge a subpoena [under the RFPA] is cabined by strict procedural requirements"). The motion must contain an affidavit or sworn statement confirming that the applicant is a customer of the financial institution and "stating the applicant's reasons for believing that the financial records sought are not relevant to the legitimate law enforcement inquiry stated by the Government authority in its notice, or that there has not been substantial compliance with the provisions of [chapter 35 of title 12]." 12 U.S.C. § 3410(a)[1]. If, as in this case, the Court orders the government authority to reply to the motion to quash, the government authority must file a sworn response. Id. at 3410(b).

In ruling on the motion, the court relies on the parties' sworn statements and any additional proceedings the court finds appropriate. Id. The RFPA directs the court to deny the motion if either the applicant is not the customer whose financial records are being requested or "there is a demonstrable reason to believe that the law

---

[1] The RFPA makes clear that this procedure "constitute[s] the sole judicial remedy available to a customer to oppose disclosure of financial records" under this Act. 12 U.S.C. § 3410(e).

enforcement inquiry is legitimate and a reasonable belief that the records sought are relevant to that inquiry." Id. at 3410(c); Rodriguez v. Fed. Sav. and Loan Ins. Corp., 712 F.Supp. 159, 162 (N.D. Cal. 1989). "The ultimate burden of showing that the records sought are relevant to a legitimate law enforcement inquiry is on the government." In re Blunden, 896 F.Supp. 996, 999 (C.D. Cal. 1995) (quoting Collins v. Commodity Futures Trading Comm., 737 F.Supp. 1467, 1480 (N.D. Ill. 1990)). "For purposes of an administrative subpoena, the notion of relevancy is a broad one." Sandsend Fin. Consultants, Ltd. v. Fed. Home Loan Bank Bd., 878 F.2d 875, 882 (5th Cir. 1989); S.E.C. v. Nicita, 2007 WL 1704585, *3 n.4 (S.D. Cal. June 13, 2007). An administrative agency with statutory authority to engage in investigative and accusatory duties may "investigate merely on suspicion that the law is being violated, or even just because it wants assurance that it is not." U.S. v. Morton Salt Co., 338 U.S. 632, 642-43 (1950).

## DISCUSSION

On or about November 2, 2008, the Social Security Administration, Office of the Inspector General, Office of Investigations ("SSA") sent Mr. Phelps a certified letter informing him that it intended to subpoena his financial records from Washington Mutual Bank. Pet. to Quash at 4. Mr. Phelps timely moved to quash the subpoena on November 12, 2008. See 12 U.S.C. § 3410(a) (requiring a motion to quash an administrative subpoena or summons to be filed within ten days of service or fourteen days of mailing). In his sworn statement, Mr. Phelps confirms that he presently is a customer of Washington Mutual Bank and is the customer whose records are being requested by the SSA. Pet. to Quash at 1, 3; 12 U.S.C. § 3410(a). He argues that the records sought are not relevant to a legitimate law enforcement inquiry because (a) he has not engaged

in illegal activity and (b) the SSA already has taken money out of his "SSI check" and cut off his "SSA check" completely.  Pet. to Quash at 2-3.  He also states that he has a privacy right in his financial information, that he does not authorize anyone to access his financial records, and that he is merely saving money to improve his education and living standards.  Id.

On March 24, 2009, the SSA filed an application for leave to file its opposition to Mr. Phelps' motion to quash, and a supporting declaration, *in camera* pursuant to 12 U.S.C. § 3410(b).[2]  Doc. No. 4. For purposes of ruling on Mr. Phelps' motion to quash, the Court has reviewed *in camera* all of the submitted documents.

Turning to the merits of Mr. Phelps' motion, the Court must determine whether (1) Mr. Phelps is the customer whose financial records are being requested, (2) the law enforcement inquiry is legitimate, and (3) the records sought are relevant to the law enforcement inquiry.  12 U.S.C. § 3410(c); Rodriquez, 712 F.Supp. at 162.  The first prong of this test is satisfied because Mr. Phelps admits in his sworn statement that he is a customer of Washington Mutual Bank and is the holder of the four bank accounts in question.  Mot. to Quash at 1, 3.

The next question is whether the SSA's law enforcement inquiry is legitimate.  The RFPA defines a law enforcement inquiry as "a lawful investigation or official proceeding inquiring into a violation of, or failure to comply with, any criminal or civil statute or any regulation, rule, or order issued pursuant thereto."  12 U.S.C. § 3401(8).  In this

---

[2] The SSA concurrently lodged with Chambers the opposition and declaration to be considered *in camera*.  After reviewing the SSA's application and the documents lodged with Chambers, the Court **GRANTS** the SSA's application and **ORDERS** that the Clerk of Court file the opposition and supporting declaration under seal.

case, the inquiry is lawful because the Inspector General Act of 1978, as amended, authorizes the Office of the Inspector General (a) to initiate any investigations necessary to further proper administration of Social Security programs and (b) to serve subpoenas for records and other account information in furtherance of this goal.  5 U.S.C. app. 3 § 6(a)(2), (4) (2008); see also 42 U.S.C.A. § 902(e) (1996) (providing for appointment of an Inspector General of the Social Security Administration in accordance with the Inspector General Act of 1978).  Because the instant investigation relates to "the possible fraudulent or otherwise improper receipt and/or use of Social Security benefits" (Mot. to Quash at 5), the Court finds that the investigation falls squarely within SSA's statutory authority to investigate potential violations of the laws governing administration of Social Security programs.  The Court, therefore, concludes that the subpoena issued to Washington Mutual Bank is part of a legitimate law enforcement inquiry.  12 U.S.C. § 3410(c); Rodriquez, 712 F.Supp. at 162.

In regard to whether or not the subpoenaed records are relevant to the law enforcement inquiry, see 12 U.S.C. § 3410(c), the burden is on the SSA to make a sufficient showing, see In re Blunden, 896 F.Supp. at 999.  To satisfy this burden, the SSA submitted an Opposition to Motion to Quash Inspector General Subpoena and a declaration signed under penalty of perjury by Special Agent Sarah Miller.  Having reviewed *in camera* the SSA's opposition and declaration, the Court concludes that the SSA has met its burden of demonstrating its basis for suspecting that Mr. Phelps has violated one or more laws and/or failed to comply with an applicable criminal or civil statute, regulation or order, see Morton Salt Co., 338 U.S. at 642, as well as a reasonable basis for believing that the subpoenaed records are relevant to determining

whether such violations have, in fact, occurred.

In sum, the Court concludes that the SSA's subpoena for Mr. Phelps' account records, held by Washington Mutual Bank, was issued as part of a legitimate law enforcement inquiry and seeks records that are relevant to that inquiry.

### CONCLUSION

For the foregoing reasons, the Court **DENIES** Mr. Phelps' motion to quash.

**IT IS SO ORDERED.**

DATED: March 26, 2009

*/s/ Barbara L. Major*
BARBARA L. MAJOR
United States Magistrate Judge